NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1246
_____


TARA DORSEY,
                              Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS (DOC);
JOHN E. WETZEL, Secretary of Pennsylvania DOC;
PAUL NOEL, Chief Medical Director of Pennsylvania DOC;
CHRISTOPHER H. OPPMAN, Director of the Bureau of Health Care Service DOC;
SUPERINTENDENT ROBERT SMITH, State Correction Institute (SCI) Muncy;
SUPERINTENDENT JOYCE WILKES, SCI Cambridge Springs;
GREGORY FAMIGLIO, Medical Directory SCI Muncy;
DIRECTOR PRZYBROWSKI, Medical Director SCI Cambridge Springs;
CORIZON HEALTH, INC.; WEXFORD HEALTH SERVICES, INC.;
JOHN AND JANE DOE'S 1 TO 5; DOE CORPORATION

_____


On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.: 1:16-cv-00588)
District Judge: Honorable Sylvia H. Rambo
_____



Submitted under Third Circuit
on September 11, 2017

Before: VANASKIE, RENDELL, and FISHER, Circuit Judges


(Opinion filed December 6, 2017)

O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Appellant Tara Dorsey challenges the grant of summary judgment in favor of Appellees, in her suit alleging a civil rights violation under 42 U.S.C. § 1983. For the reasons set forth below, we affirm.

We exercise plenary review of a district court's grant of summary judgment, and apply the same standard the district court should have applied. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). A federal court should grant summary judgment if, in the light most favorable to the nonmoving party, there is "no genuine dispute as to any material fact," and thus "the movant is entitled to judgment as a matter of law." FRCP 56(a).

The parties are familiar with the facts and procedural posture of the case, given both the Magistrate Judge's Report and Recommendation and the District Court's adoption of said report. We summarize minimally.

Dorsey was an inmate housed at the State Correctional Institution at Muncy (SCI-Muncy) from November of 2009 through August of 2014. Prior to Dorsey's incarceration, in February of 2009, a thoracic spinal cord stimulator was surgically

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

implanted in her lower back to alleviate her complex regional pain syndrome; however, Dorsey had an accident in June of 2011, while incarcerated at SCI-Muncy, which aggravated her symptoms. In December of 2012, Dorsey was seen by a neurosurgeon, who recommended that the spinal device be surgically removed. Yet the Department of Corrections (DOC) refused to provide Dorsey the needed surgery, citing cost. Dorsey began lodging complaints to the Superintendent at SCI-Muncy and various prison officials in September of 2013.

Appellant's claim, brought under 42 U.S.C. § 1983, is subject to Pennsylvania's two-year statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); 42 Pa.C.S. § 5524. The cause of action accrues when the plaintiff knows or has reason to know of the injury forming the cause of action, *Sameric Corp. of Delaware v. Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998), *not* at a later date, when the plaintiff learns of the full extent of her injuries. *Kach v. Hose*, 589 F.3d 626, 635 (3d Cir. 2009) (citation omitted).

The District Court correctly noted that Appellant's own declaration evinces her subjective awareness of her injury and the need for surgery, as well as the DOC's failure to provide her the necessary operation.

Appellant argues that she should be afforded an equitable exception to the timely filing requirement on account of the continuing violations doctrine. Her request is misguided. The District Court appropriately held that Appellant's time to file ran "from the time [Appellant] reasonably should have known that [Appellees] were deliberately

3

indifferent to her serious medical need, and not from the time the full extent of the precise medical cause of the injury was known." A. 155.

Although Appellant knew by at least September 2013, if not earlier, of DOC's failure to provide her medical treatment, she delayed filing this action until April 8, 2016 —approximately two-and-a-half years after she became aware of DOC's decision. We find that Appellant became subjectively aware of Appellees' deliberate indifference to her medical needs well over two years before she filed this action, and thus her claim is time-barred.

For the foregoing reasons, we affirm the District Court's grant of summary judgment in favor of Appellees in its entirety.